IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TODD AUGUSTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04823 |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| ACQUASCAPE INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

PLAINTIFF, Todd Augustine ("Mr. Augustine"), by and through his undersigned counsel, Michael I. Leonard and Ethan E. White of Leonard Law Offices, states as follows as his Complaint against DEFENDANT, **AQUASCAPE, INC.** ("**AQUASCAPE**"):

## PARTIES

1. Plaintiff, Mr. Augustine, is an Illinois resident who resides in Geneva, Illinois. Mr. Augustine was former employed by **AQUASCAPE**.

2. Defendant, **AQUASCAPE**, is incorporated under the laws of the State of Illinois.

3. At all times relevant to this action, **AQUASCAPE** was doing and conducting business in this District, including at its corporate headquarters located at 901 Aqualand Lane, St. Charles, Illinois 60174 – where **AQUASCAPE** employed Mr. Augustine.

**JURISDICTION AND VENUE**

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

5. This Court can exercise personal jurisdiction over **AQUASCAPE** and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times **AQUASCAPE** regularly and continuously transacted and was doing business within this District.

**FACTUAL AND LEGAL BACKGROUND**

6. Mr. Augustine is years fifty-four (54) years old.

7. Mr. Augustine began his employment with **AQUASCAPE** on or about May 11, 2011.

8. During Mr. Augustine's employment with **AQUASCAPE**, he met all of its legitimate employment and performance expectations.

9. Mr. Augustine was initially employed by **AQUASCAPE** in the position of Sales, Chicagoland, and was subsequently promoted to the position of General Manager, Chicagoland Operations.

10. **AQUASCAPE**, through its Owner, Greg Wittstock ("Wittsock"), repeatedly made ageist remarks to and about Mr. Augustine in the months leading up to **AQUASCAPE'S** discriminatory firing of Mr. Augustine, including but not limited to the following:

Wittstock repeatedly told Plaintiff that he was "too old" and set in his ways;

Wittstock repeatedly told Plaintiff that Plaintiff's "mind can't keep up with technology;"

Wittstock told Plaintiff that, "it was sad" that Plaintiff purportedly couldn't "use *Facebook*," stating that it "must be old fingers that can't type,"

Wittstock stated that Plaintiff and his older colleague we're "both like a couple of dinosaurs."

Wittstock told Plaintiff that he needed to "workout . . . lose some of [your] old man gut."

The Company had a gym and workout facilities, and Wittstock would attempt to arrange sports and competitions involving the employees. During a "Walleyball" tournament,

>Wittstock refused to have Plaintiff or his older colleague on his team, stating, *inter alia*, that "my walker might get in the way of the others."
>
>At a Company team building meeting in or about May 2013, where the employees were called upon to help build a pond, Wittstock twice told Plaintiff that he needed to "work harder and faster to keep up with the younger employees," and further inquired whether Plaintiff "was getting too old to handle physical work."
>
>At various monthly Company team awards gatherings, Wittstock, in the context of presenting Plaintiff with an award, indicated that Plaintiff's performance was "not bad for being our second oldest employee," and stated to the employees assembled, "this is what you look like when you hit fifty."

11. Ultimately, on or about August 6, 2013, **AQUASCAPE** fired Mr. Augustine because of his age.

12. In other words, Mr. Augustine's age was the motivating factor in **AQUASCAPE'S** decision to terminate his employment.

13. In response, Mr. Augustine timely filed a Charge of Discrimination with the EEOC.

14. On or about May 19, 2014, the EEOC issued Mr. Augustine a Notice of Right to Sue letter.

15. Mr. Augustine has timely filed the present lawsuit, and has satisfied all procedural prerequisites to bringing this action.

## LEGAL CLAIMS

**COUNT I**
**(Violations of the ADEA,**
**29 U.S.C., section 621, *et. seq.*)**

16. Mr. Augustine re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 15 above as Paragraph 16 of Count I of his Complaint.

17. Mr. Augustine brings this Count under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C., section 621, *et. seq.*

18. At all relevant times, **AQUASCAPE** was an "employer" within the meaning of the ADEA and required to comply with its provisions.

19. At all relevant times, Mr. Augustine was an "employee" within the meaning of the ADEA and entitled to its protections.

20. **AQUASCAPE** took an adverse employment action against Mr. Augustine -- namely, firing him -- because of his age.

21. The purported bases for **AQUASCAPE'S** termination of Mr. Augustine were pretexts for unlawful discrimination.

22. Similarly situated employees who were not within the protected age class were not terminated and were treated more favorably by **AQUASCAPE**.

23. As a direct proximate result of **AQUASCAPE'S** unlawful actions against Mr. Augustine in firing him violation of the ADEA, Mr. Augustine has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Mr. Augustine, by and through his undersigned counsel, respectfully requests the entry of an Order granting judgment in his favor and against Defendant **AQUASCAPE** on Count I of his Complaint, for all monetary and other relief to which he is entitled to recover for his ADEA claim, for his attorneys' fees and costs, and for such other and further relief as is appropriate under the circumstances.

          **Respectfully Submitted,**

**By:** **/s/ Michael I. Leonard**
       **Attorney for Plaintiff**


**JURY TRIAL DEMANDED**


**LEONARD LAW OFFICES**
Michael I. Leonard
mleonard@leonardlawoffices.com
Ethan E. White
ewhite@leonardlawoffices.com
203 North LaSalle, Suite 1620
Chicago, IL 60601
(312)380-6569 (phone)
(312)264-0671 (fax)
Dated: June 26, 2014